**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 16 2018

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**TROY JONES, Individually and on
Behalf of All Others Similarly Situated**                                    **PLAINTIFF**

vs.                                         No. 3:18-cv-24-DPM

**HAGAMAN PROPERTY DEVELOPMENT, LLC**                          **DEFENDANT**

<u>**ORIGINAL COMPLAINT—COLLECTIVE ACTION**</u>

COMES NOW Plaintiff Troy Jones ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys Daniel Ford, Chris Burks and Josh Sanford of Sanford Law Firm, PLLC, for his Original Complaint—Collective Action against Defendant Hagaman Property Development, LLC ("Defendant"), and in support thereof he does hereby state and allege as follows:

**I. INTRODUCTION** This case assigned to District Judge _Marshall_
and to Magistrate Judge _Kearney_

1.      Plaintiff, individually and on behalf of all others similarly situated, brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. §11-4-201, *et seq.* ("AMWA") for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including a reasonable attorney's fee, as a result of Defendant's failure to pay Plaintiff and all others similarly situated minimum and overtime wages as required by the FLSA and AMWA.

2.      Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, *infra.*

## II. JURISDICTION AND VENUE

3.      The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4.      This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action herein alleged; accordingly, this state cause of action would be expected to be tried with the federal claim in a single judicial proceeding. This Court has pendent jurisdiction over Plaintiff's AMWA claim pursuant to 28 U.S.C. § 1367(a).

5.      Plaintiff was employed by Defendant primarily in the Jonesboro Division of the Eastern District of Arkansas.

6.      The acts complained of herein were committed and had their principal effect against the named Plaintiff herein within the Jonesboro Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

7.      Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

8.      Plaintiff Troy Jones is a resident and citizen of Craighead County.

9.      At all times relevant to the allegations in this Complaint, Plaintiff was an employee of Defendant in Jonesboro.

10.      At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA and the AMWA.

11.      At all times material herein, Plaintiff has been non-exempt from the overtime requirements of the FLSA, 29 U.S.C. § 207, and the AMWA, Ark. Code Ann. § 11-4-211.

12.      Defendant is a foreign for-profit limited liability company.

13.      Defendant operates as a New Jersey-based property management company that contracts with businesses throughout the United States to maintain and repair its customers' facilities.

14.      Defendant employs more than four (4) employees.

15.      Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of exercise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

16.      During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person).

17.      Defendant's registered agent for service is Robert Hagaman, 2283 Big Enough Way, Toms River, New Jersey 08755.

18.     Defendant was at all times relevant hereto Plaintiff's employer, as well as the employer of the members of the proposed collective, and is and has been engaged in interstate commerce as that term is defined under the FLSA and the AMWA.

## IV. FACTUAL ALLEGATIONS

19.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

20.     From about October of 2017, until January of 2018, Plaintiff was employed by Defendant as a maintenance worker, specifically a plumber.

21.     Plaintiff's primary duty while employed by Defendant was to repair and maintain the facilities at various Walmart locations in the following states: Mississippi, Kansas, Wyoming, Utah, Nebraska, South Dakota and Arkansas.

22.     At the beginning of his employment, Defendant paid Plaintiff an hourly wage plus an overtime premium for all hours worked in excess of forty (40) per week.

23.     Beginning in early December of 2017, Defendant changed its pay policy and paid Plaintiff and other maintenance workers a salary plus flat-rate commissions on certain types of repairs, but Plaintiff and other maintenance workers did not receive overtime compensation for hours worked in excess of forty (40) in a workweek.

24.     Plaintiff's income via commissions was not greater than fifty percent (50%) of his total earnings during this time period.  The same was true for other maintenance workers.

25.     Defendant scheduled maintenance workers such as Plaintiff to work set shifts for which they were paid a set salary plus commissions regardless of how many hours they actually worked.

26.     Defendant frequently required or permitted Plaintiff and other maintenance workers to work more than forty (40) hours per week.

27.     Plaintiff and other maintenance workers were not paid commissions equal to more than one-half (0.5) of their total earnings in a respective period.

28.     Plaintiff and other maintenance workers were not paid an overtime premium for hours worked over forty (40) in any work week, despite their entitlement thereto.

29.     Defendant knew, or showed reckless disregard for whether the way it paid Plaintiff and other maintenance workers violated the FLSA and AMWA

## V. FLSA § 216(b) COLLECTIVE ACTION ALLEGATIONS

30.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

31.     Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all similarly situated maintenance workers who were or are employed by Defendant at any time within the applicable statute of limitations period, who were classified by Defendant as non-exempt from the overtime requirements of the FLSA and who are entitled to payment of the following types of damages:

A.     Proper payment for all hours worked, including payment of a lawful overtime premium for all hours worked for Defendant in excess of forty (40) hours in a workweek; and

B.     Liquidated damages and attorneys' fees and costs.

32.     In conformity with the requirements of FLSA Section 16(b), Plaintiff has attached hereto as Exhibit "A" his written Consent to Join this lawsuit.

33.     The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

34.     The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A.     They were classified by Defendant as exempt from the overtime requirements of the FLSA;

B.     They were paid a salary plus commissions;

C.     They recorded their time in the same manner; and

D.     They were subject to Defendant's common policy of denying overtime pay for all hours worked over forty (40) per work week.

35.     Plaintiff is unable to state the exact number of the potential members of the FLSA Collective, but believes the number to be approximately fifty (50).

36.     In the modern era, most working-class Americans have become increasingly reliant on email and text messages, and generally use them just as often, if not more so, than traditional U.S. Mail.

37.     Defendant can readily identify the members of the FLSA Collective.  The names, physical addresses, email addresses and phone numbers of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail, email and text message to their last known physical and electronic mailing addresses and cell

phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## VI. FIRST CAUSE OF ACTION
### (Collective Action Claim for Violation of the FLSA)

38.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

39.     Plaintiff asserts this claim on behalf of all maintenance worker employed by Defendant to recover monetary damages owed by Defendant to Plaintiff and members of the putative collective for unpaid overtime compensation for all the hours he and they worked in excess of forty (40) each week.

40.     Plaintiff brings this action on behalf of himself and all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

41.     At all relevant times, Defendant has been, and continues to be, an "employer" of Plaintiffs and those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

42.     At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

43.     29 U.S.C. § 207 requires any enterprise engaged in commerce to pay all employees one and one-half (1.5) times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

44.     Plaintiff and all those similarly situated did not qualify for any exemption to the overtime wage requirements of the FLSA.

45.     Defendant failed to pay Plaintiff and those similarly situated one and one-half (1.5) times their regular rate for all hours worked over forty (40) hours per week, despite their entitlement thereto, and instead deliberately chose to only pay them for some of those hours.

46.     Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the proposed collective is properly defined as follows:

**All maintenance workers employed
by Defendant within the past three years.**

47.     Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

48.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid overtime wages, liquidated damages, pre-judgment interest, civil penalties and costs, including reasonable attorney's fees as provided by the FLSA.

49.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VII. SECOND CAUSE OF ACTION
### (Individual Claim for Violation of the FLSA)

50.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as if fully set forth in this section.

51.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*

52. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

53. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

54. 29 U.S.C. § 207 requires any enterprise engaged in commerce to pay all employees one and one-half (1.5) times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

55. Plaintiff did not qualify for any exemption to the overtime wage requirements of the FLSA.

56. Defendant failed to pay Plaintiff one and one-half (1.5) times his regular rate for all hours worked over forty (40) hours per week, despite his entitlement thereto.

57. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

58. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, pre-judgment interest, civil penalties and costs, including reasonable attorney's fees as provided by the FLSA.

59. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VIII. THIRD CAUSE OF ACTION
### (Individual Claim for Violation of the AMWA)

60.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth in this section.

61.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§11-4-201 *et seq*.

62.     At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Arkansas Code Annotated § 11-4-203(4).

63.     Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half (1.5) times regular wages for all hours worked over forty (40) in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

64.     Plaintiff was non-exempt from the overtime requirements of the AMWA.

65.     Defendant failed to pay Plaintiff all wages owed, as required under the AMWA.

66.     Despite the entitlement of Plaintiff to overtime payments under the AMWA, Defendant failed to pay Plaintiff an overtime rate of one and one-half (1.5) times his regular rate of pay for all hours worked over forty (40) in each one-week period.

67.     Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

68.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including a reasonable attorney's fee provided by the AMWA for all violations that occurred within the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

69.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## IX. EQUITABLE TOLLING

70.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

71.     The applicable statute of limitations for Plaintiff's FLSA causes of action should be tolled because strict application of the statute of limitations would be inequitable.

72.     Defendant, as an employer with a duty to comply with the FLSA and the means to do so, was and has at all relevant times been in a far superior position than Plaintiff to understand the FLSA and apply it appropriately, and Defendant should not be permitted to benefit from this imbalance of power by the passage of time.

73.     Further, FLSA regulations require that all employers display posters advising employees of their minimum wage and overtime pay rights. 29 C.F.R. § 516.4.

74.     An employer's failure to post required FLSA notices regarding minimum wage and overtime provisions can toll the statute of limitations. United States v. Sabhnani, 566 F. Supp. 2d 139 (E.D.N.Y. 2008); Henchy v. City of Absecon, 148 F. Supp. 2d 435, 439 (D.N.J. 2001); Kamens v. Summit Stainless, Inc., 586 F. Supp. 324, 328 (E.D. Penn. 1984).

75.     Defendant failed to post all appropriate notices regarding the FLSA.

## X. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Troy Jones, individually and on behalf of all others similarly situated, respectfully prays as follows:

(a)     That Defendant be summoned to appear and answer herein;

(b)     That Defendant be required to account to Plaintiff, the collective members, and the Court for all of the hours worked by Plaintiff and the collective members and all monies paid to them;

(c)     A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(d)     A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.;*

(e)     Certification of, and proper notice to, together with an opportunity to participate in the litigation, the group of all qualifying current and former employees;

(f)     Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(g)     Judgment for damages for all unpaid overtime compensation under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

(h)     Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an

amount equal to all unpaid overtime compensation owed to Plaintiff and members of the collective during the applicable statutory period;

(i)     An order directing Defendant to pay Plaintiff and members of the collective prejudgment interest, reasonable attorney's fees and all costs connected with this action;

(j)     Reservation of the right to amend this Complaint as provided by law; and

(k)     Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**TROY JONES, Individually and
on Behalf of All Others Similarly
Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone:  (501) 221-0088
Facsimile: (888) 787-2040

By:

Daniel Ford
Ark. Bar No. 2014162
daniel@sanfordlawfirm.com

Chris Burks
Ark. Bar No. 2010207
chris@sanfordlawfirm.com

and

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**TROY JONES, Individually and on**                                    **PLAINTIFF**
**Behalf of All Others Similarly Situated**


vs.                                              No. 3:18-cv-___


**HAGAMAN PROPERTY DEVELOPMENT, LLC**                        **DEFENDANT**

## CONSENT TO JOIN COLLECTIVE ACTION

I was a maintenance worker for Hagman Property Development, LLC, within the three years prior to the signing of this document. I understand this lawsuit is being brought under the Fair Labor Standards Act for overtime compensation and other relief. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

**TROY JONES**
c/o SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

Date: January 11, 2018